R. Rex Parris Esq. (SBN 96567)
rrparris@rrexparris.com
Alexander R. Wheeler, Esq. (SBN 239541)
awheeler@rrexparris.com
Patricia K. Oliver, Esq. (SBN 193423)
poliver@rrexparris.com
**R. REX PARRIS LAW FIRM**
43364 10th Street West
Lancaster, CA 93534
Telephone: (661) 949-2595
Facsimile: (661) 949-7524

Deborah A. Klar, Esq. (SBN 124750)
dklar@dklarlaw.com
**KLAR & ASSOCIATES**
2934 1/2 Beverly Glen Circle, Suite 761
Bel Air, California 90077
Telephone: (310) 858-9500

Attorneys for Plaintiff
DAVID COUCH

MARY C. DOLLARHIDE (SB# 138441)
marydollarhide@paulhastings.com
HALEY M. MORRISON (SB# 259913)
haleymorrison@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive
12th Floor
San Diego, CA 92121
Telephone: 1(858) 458-3000
Facsimile: 1(858) 458-3005

Attorneys for Defendants
MORGAN STANLEY & CO., INCORPORATED and
MORGAN STANLEY SMITH BARNEY, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA — FRESNO DIVISION

| | |
|---|---|
| DAVID COUCH, | CASE NO. 1:14-CV-00010-LJO-JLT |
| Plaintiff, | **JOINT STIPULATED PROTECTIVE ORDER AND ORDER GRANTING THE SAME** |
| vs. | |
| MORGAN STANLEY & CO., INCORPORATED and MORGAN STANLEY SMITH BARNEY, LLC, | |
| Defendants. | |

-1-
JOINT STIPULATED PROTECTIVE ORDER

The discovery procedures and other activities related to this case may result in the acquisition and/or disclosure of Information regarded by the Designating Party as Confidential. Accordingly, Plaintiff David Couch ("Plaintiff") and Defendants Morgan Stanley & Co., Incorporated and Morgan Stanley Smith Barney LLC (together, "Defendant"), and their respective counsel, are HEREBY ORDERED to safeguard Confidential Information that may be disclosed or acquired in the course of this action as set forth below:

**1.     Definitions:**

a.     Confidential:  As used herein, "Confidential" means any information that is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law.

b.     Confidential Material:  As used herein, "Confidential Materials" means any Documents, Testimony or Information as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

c.     Designating Party:  As used herein, "Designating Party" means the Party that designates Materials as "Confidential."

d.     Disclose:  As used herein, "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

e.     Documents:  As used herein, the term "Documents" shall be broadly construed to include information that is recorded in any form, including but not limited to written, electronic, coded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to discovery demands, subpoena, agreement, or otherwise.

f.     Information:  As used herein, the term "Information" means the content of Documents or Testimony.

g.     Testimony:  As used herein, the term "Testimony" means all depositions, declarations or other testimony taken or used in this action.

**2.      Process of Designating Material as "CONFIDENTIAL":**

a.      The Designating Party shall have the right to designate as "CONFIDENTIAL" any Information, Document, or materials that constitute a trade secret or other Confidential Information. Confidential Information includes Testimony, written or recorded materials, and Information in any other form, produced or Disclosed by any Designating Party in connection with discovery proceedings in this case, in which the following is discussed or in any way referred to:  (a) nonpublic Information including customer lists; (b) financial Information as to either Designating Party that is not publically available; (c) actual customer contracts between any Designating Party and/or other persons or entities; (d) any Information that is so proprietary or competitively sensitive that its disclosure is likely to cause irreparable competitive or commercial injury to the Designating Party; (e) any Information that the Designating Party reasonably believes in good faith is entitled to Confidential treatment under applicable law. Confidential Information does not include Information that that has been conveyed through any form of mass communication or broadly disseminated.

b.      Any Designating Party who believes in good faith that Information contains or reflects Confidential Information should affix, stamp or print the word "CONFIDENTIAL" on all relevant pages or electronic files. The Designating Party shall thus inform all parties in writing as to the designation of any and all material as "CONFIDENTIAL."

c.      Any Designating Party agrees to designate Information as "CONFIDENTIAL" on a good faith basis and not for purposes of harassing the receiving party or for purposes of unnecessarily restricting the receiving party's access to Information concerning the lawsuit.

d.      With respect to material designated "CONFIDENTIAL," access shall be limited to:  (1) the parties to this action; (2) counsel of record for the parties in this action who are actively engaged in the conduct of this litigation, including any paralegal, clerical and other agents employed by such counsel and assigned to this matter; (3) any person identified as having authored or previously having received the designated material; (4) the Court and any court officials involved in this litigation, including court reporters and persons operating video recording equipment at depositions; (5) such other outside consultants, experts and photocopy

services retained for the purpose of assisting counsel in this litigation as well as the support personnel of such outside consultants or retained experts; (6) a deponent during the course of his or her deposition; (7) any other person approved in advance by counsel for the Designating Party. With respect to all of the above-mentioned categories of individuals, access to Confidential Information may be granted only to the extent that it is necessary to the prosecution or defense of this action and such Confidential Information may be used only for those litigation-related purposes. Any retained consultant or expert or any individual or entity entitled to receipt of Confidential Information must, in a form identical in all material respects to the form attached hereto as Appendix 1, agree in advance of disclosure of such Confidential Information to be bound by the provisions of this Protective Order and agree to be subject to the Court's jurisdiction to enforce the terms of this Protective Order.

**3.    Confidential Information in Depositions:**

a.    With respect to depositions, the stenographer or other person recording each deposition will be informed of this Protective Order and will be directed to operate in a manner consistent with the provisions of this Protective Order. For deposition transcripts containing Information designated "CONFIDENTIAL," the stenographer shall place on the cover of any deposition a legend to the effect that the transcript contains Confidential Information subject to the Protective Order.

b.    In the event that deposition Testimony is to be given that is subject to the provisions of paragraph 2., or if material designated "CONFIDENTIAL" is in any way used during a deposition, any party may designate such Testimony as "CONFIDENTIAL" and so inform the stenographer and all counsel of record of the designation either at the deposition itself or within thirty (30) days after receipt of the transcript thereof. The stenographer shall clearly mark as "CONFIDENTIAL" those portions of the transcript so designated. The deponent shall have access to his or her Confidential Testimony for the purpose of making corrections to the transcript only. Thereafter, only the persons allowed access to Confidential Information under subparagraphs 2c. and 2d. of this Protective Order may have access to the "CONFIDENTIAL" portions of the transcript for the limited purposes provided in this Protective Order. All

Confidential Testimony, however recorded, shall be appropriately labeled "CONFIDENTIAL," and is not to be used outside of the action.

**4.     Inadvertent Production:**

Any Information or Document or thing not designated as "CONFIDENTIAL" shall not be covered by this Protective Order, provided, however, that inadvertent production of any Information or Document or thing without such designation shall not in and of itself be deemed a waiver of any party's claim of confidentiality as to such matter, and that any party may thereafter designate the same as "CONFIDENTIAL." Disclosure by any party of such undesignated Confidential Material prior to notice by any party of the Confidential nature thereof shall not be deemed a violation of this Protective Order.

**5.     Confidential Material Filed With The Court:**

The parties agree that if the non-Designating Party seeks to file Documents marked "CONFIDENTIAL" with the Court for any reason, the party seeking to use the Confidential Information will notify the Designating Party at least fourteen (14) days prior to filing. If within ten (10) days of the notice described in this Section 5, the Designating Party requests that the Document(s) be filed under seal, the parties will comply with the procedures set forth in Local Rule 141 prior to filing the Confidential Material. The Designating Party will be deemed to have forfeited the right to request sealing if such a request is not made within the ten (10) days referenced herein. If any such Confidential Material is eventually filed with the Court, it shall be in accordance with the Court's instructions.

**6.     Challenging Material Marked Confidential:**

A non-Designating Party may object to the designation of any Information as "CONFIDENTIAL" by giving written notice to the Designating Party of the dispute. The written notice shall identify the Document and/or Information to which the objection is made, and the reason for the objection as to each challenged Document. The Designating Party shall respond to the objection within fifteen (15) calendar days either by (a) withdrawing the designation in question; or (b) refusing to withdraw the designation and the reason for such refusal. If the confidentiality designation continues to be contested, the parties shall then meet and confer. In

the event there is no agreement, the Designating Party shall file and serve a motion to resolve the dispute over the designation of the material and shall bear the burden of proof on the issue. If no such motion is filed within fifteen (15) calendar days after the meet and confer, the Confidential designation will be re-designated or removed as appropriate. If a motion is filed, the Information subject to the dispute shall, until further order of the Court, be treated consistently with its designation. With respect to any material which is re-designated or ceases to be subject to the protection of this Confidentiality Order, the Designating Party shall, at its expense, provide to each party which so requests additional copies thereof from which all confidentiality legends affixed hereunder have been adjusted to reflect the re-designation or removed as appropriate.

**7.   Non-Termination:**

This Protective Order shall survive the termination of this litigation. For all original and copies of materials designated as "CONFIDENTIAL," including deposition transcripts, any party or person and their attorneys or representatives in possession of that CONFIDENTIAL Material will ensure that the originals and copies are either destroyed or remain Confidential after termination of this litigation.

**8.   Responsibilities:**

a.   The parties and their attorneys, and all other persons agreeing to this undertaking, shall be responsible to see that the purpose and effect of this Protective Order is achieved.

b.   If any person subject to this Joint Stipulated Protective Order who has custody of any Confidential Information receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Information, the recipient of the Subpoena shall promptly give notice of the same electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Information, and/or seek to obtain Confidential treatment of such Confidential Information from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any

1 Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for
2 production on the Subpoena.

3     **9.     No Waiver of Rights:**

4     a.     Nothing contained in this Protective Order and no action taken pursuant to
5 it shall prejudice the right of any party to contest the alleged relevancy, admissibility or
6 discoverability of the Confidential Documents and Information sought.

7     b.     Any Document, exhibit, or transcript designated "CONFIDENTIAL" in
8 accordance with this Order, and which is otherwise admissible, may be used at trial, provided,
9 however, that the parties agree that they will work with the Court to identify trial procedures,
10 such as in camera review, that will protect and maintain the non-public nature of highly sensitive
11 Information, including for example, proprietary Information and/or trade secrets.  Prior to the use
12 at trial of Confidential Documents, any markings designating a Document "CONFIDENTIAL"
13 pursuant to this Order shall be removed.

14     d.     Nothing contained in this Order, nor any action taken in compliance with it, shall
15 (i) operate as an admission or assertion by any non-Designating Party that any particular
16 Document or Information is, or is not, Confidential, or (ii) prejudice in any way the right of any
17 party to seek a Court determination of whether it should or should not remain Confidential and
18 subject to the terms of this Order.

20 //

22 //

24 //

26 //

28 //

**10.     Parties' Consent**

The parties agree to move jointly for the Court to enter this Protective Order.

DATED this 2nd day of June, 2014.          /s/Mary C. Dollarhide
                                            MARY C. DOLLARHIDE
                                            Attorney for Defendants
                                            MORGAN STANLEY & CO.,
                                            INCORPORATED and MORGAN
                                            STANLEY SMITH BARNEY LLC

DATED this 29th day of May, 2014.          /s/Deborah A. Klar (as authorized on 5/29/14)
                                            DEBORAH A. KLAR
                                            Attorney for Plaintiff
                                            DAVID COUCH

IT IS SO ORDERED.

   Dated:   **June 2, 2014**                      **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA — FRESNO DIVISION

| | |
|---|---|
| DAVID COUCH,<br><br>  Plaintiff,<br><br>vs.<br><br>MORGAN STANLEY & CO., INCORPORATED and MORGAN STANLEY SMITH BARNEY, LLC,<br><br>  Defendants. | CASE NO. 1:14-CV-00010-LJO-JLT<br><br>**JOINT STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER GRANTING THE SAME** |

**APPENDIX 1**

I, _____, state that:

1. I have carefully read and understood the provisions of the Stipulated Protective Order in this case, and I will comply with all of its provisions.

2. I will hold in confidence and not Disclose to anyone not qualified under the Stipulated Protective Order any "Confidential" Material as defined in the Stipulated Protective Order, or any words, summaries, abstracts, or indices of Confidential material Disclosed to me.

3. I will limit use of Confidential Material Disclosed to me solely for the purpose of this action.

4. No later than the final conclusion of the case, I will return all Confidential Material, and all summaries, abstracts, and indices thereof which come into my possession, and Documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____              _____
                                                Name