UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID COUCH,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MORGAN STANLEY & CO.,<br>INCORPORATED and MORGAN<br>STANLEY SMITH BARNEY, LLC,<br><br>　　　　　Defendants. | CASE NO. 1:14-CV-0010-LJO-JLT<br><br>**ORDER VACATING SETTLEMENT CONFERENCE AND DENYING STIPULATION TO AMEND THE SCHEDULING ORDER**<br><br>**(Doc. 36)** |

　　　　Before the Court is the stipulation if the parties that the court-sponsored settlement conference, set on November 19, 2014, be vacated in favor of private mediation to be completed by December 22, 2014. (Doc. 36 at 1) This request is **GRANTED**.

　　　　The parties seek also an order amending the scheduling order to extend the deadlines by one month. (Doc. 36 at 1) However, they fail to demonstrate good cause to amend the scheduling order so this request is **DENIED**.

　　　　Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). In addition, scheduling orders may "modify the timing of disclosures" and "modify the extent of discovery." Id. Once entered by a court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir.

1

1992).  As such, a scheduling order is "the heart of case management."  Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3rd Cir. 1986).

Scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  Johnson, 975 F.2d at 610 (quoting Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Maine 1985)).  Good cause must be shown for modification of the scheduling order.  Fed. R. Civ. P. 16(b)(4).  The Ninth Circuit explained:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension.  Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.  Although the existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end.

Johnson, 975 F.2d at 609 (internal quotation marks and citations omitted).  Therefore, parties must "diligently attempt to adhere to the schedule throughout the course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999).  A party requesting modification of a scheduling order may be required to show:

> (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, **(2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference,** and (3) that she was diligent in seeking amendment of the Rule 16 order, once it become apparent that she could not comply with the order.

Id. at 608 (internal citations omitted, emphasis added).

Here, the scheduling order cautioned,
> **The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

(Doc. 28 at 8, emphasis in the original) Despite this, the stipulation fails to demonstrate good cause to modify the scheduling order and, in particular, fails to explain why they believe that efforts to settle the matter is a development which they did not reasonably anticipate at the time the scheduling order was developed. Jackson at 607.  Therefore, the

1 | stipulation to amend the scheduling order is **DENIED**.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. The stipulation to vacate the settlement conference is **GRANTED**;
2. The stipulation to amend the scheduling order is **DENIED**.

IT IS SO ORDERED.

Dated:   **November 4, 2014**              **/s/ Jennifer L. Thurston**
                                           UNITED STATES MAGISTRATE JUDGE